UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
LYNDELLE T. PHILLIPS,

                Plaintiff,

         -against-                                **ORDER**
                                                15 CV 1795 (JBW) (CLP)

THE CITY OF NEW YORK *et al.*,

                Defendants.
---------------------------------------------------------- X
POLLAK, United States Magistrate Judge:

       Plaintiff Lyndell T. Phillips, Esq., commenced this action against the City of New York ("the City"), Salvatore J. Cassano, Commissioner of the New York City Fire Department ("FDNY"), and First Deputy Commissioner Daniel Shacknai, alleging discrimination based on race and retaliation, in violation of 42 U.S.C. §§ 1981 and 1983. An Amended Complaint was filed on June 19, 2015.

       By letter dated February 8, 2018, defendants move to compel plaintiff to produce tax documents for the years after 2014. (See Defs.' 2/8/18 Ltr. at 1, ECF No. 140). Defendants explain that "[a]fter trial was scheduled . . . , we asked plaintiff's counsel to produce updated tax documents." (Id.) According to the defendants, such post-termination documents are relevant to the topic of mitigation. (Id.)

       Plaintiff opposes the motion to compel and argues that discovery has closed; defendants waived the opportunity to request tax returns for 2015-2016; and that there was no duty to supplement because defendants' request for production, by its own terms, did not state a request for continuing production. (See Pl.'s 2/12/18 Ltr. at 1-2, ECF No. 141). Since defendants seek an Order from this Court to reopen discovery and compel the production of tax returns from

1

plaintiff, defendants had an obligation to attach the relevant portions of their discovery request to their letter motion or at least to quote the discovery request at issue. Since they failed to do so, the Court accepts as true plaintiff's contention that defendants never before requested the 2015-2016 tax returns. See L. Civ. R. 5.1 (requiring a party bringing a discovery dispute to the Court to quote or attach relevant portions of discovery materials).

On February 13, 2018, defendants filed a reply letter in which they argue that the obligation to supplement discovery responses arises by virtue of Rule 26(e)(1) of the Federal Rules of Civil Procedure. (See Defs.' 2/13/18 Reply at 1, ECF No. 142). Defendants further argue that information regarding tax returns and income is highly relevant, easily accessible, and necessary to prepare for trial or settlement. (See id. at 1-2).

Discovery in this matter has been closed for almost six months. (See Minute Entry, July 31, 2017, ECF No. 83). The Motion for Summary Judgment was filed on September 15, 2017. (See generally Mot. for Summ. J., Sept. 15, 2017, ECF No. 95). The defendants did not request plaintiff's 2015 and 2016 tax returns before the close of discovery or in connection with the Motion for Summary Judgment. Judge Weinstein first scheduled trial in this matter on December 27, 2017. (See Mem. & Order at 15, Dec. 27, 2017, ECF No. 134). Nonetheless, the defendants waited an additional one and a half months to bring this issue to the Court's attention. (See Defs.' Ltr. at 1). Accordingly, the Court finds the request to be untimely and denies defendants' motion to compel.

However, while it is not entirely clear from the plaintiff's letter, plaintiff seems to suggest that defendants can refer to plaintiff's expert report for the information sought from the 2015 and 2016 tax returns. (See Pl.'s Ltr. at 1-2). If plaintiff's expert relied on plaintiff's 2015 or 2016

tax returns in connection with the preparation of the expert report, then the returns should have been produced to the defendants as part of the expert disclosure. See, e.g., Fed. R. Civ. P. 26(a)(2)(B)(ii)-(iii). The parties are Ordered to meet and confer regarding this issue and, if plaintiff's expert relied on the 2015 or 2016 tax returns in rendering his or her expert opinion, then plaintiff shall produce the returns or risk possible preclusion of the expert report or testimony at trial.

**SO ORDERED.**

Dated: Brooklyn, New York
February 15, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York