UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
LYNDELLE T. PHILLIPS,

                Plaintiff,

         -against-

THE CITY OF NEW YORK *et al.*,

                Defendants.
---------------------------------------------------------- X

**MEMORANDUM AND ORDER**
15 CV 1795 (JBW) (CLP)

**POLLAK**, United States Magistrate Judge:

    Plaintiff Lyndell T. Phillips, Esq., commenced this action against the City of New York ("the City"), Salvatore J. Cassano, Commissioner of the New York City Fire Department ("FDNY"), and First Deputy Commissioner Daniel Shacknai, alleging discrimination based on race and retaliation, in violation of 42 U.S.C. §§ 1981 and 1983. An Amended Complaint was filed on June 19, 2015. Trial is scheduled to commence on April 16, 2018 before the Honorable Jack B. Weinstein.

    On February 15, 2018, this Court denied as untimely defendants' motion to compel plaintiff's 2015 and 2016 tax returns. (See Order, Feb. 15, 2018, ECF No. 143). The defendants filed their motion for reconsideration on February 26, 2018. Plaintiff has not filed a response, and the time to do so has passed. See L. Civ. R. 6.1(a), 6.3.

    For the reasons set forth below, defendants' motion for reconsideration is denied.

**A. Legal Standard Governing Motions for Reconsideration**

    Local Civil Rule 6.3 allows parties to file motions for reconsideration within 14 days of a court order regarding "matters or controlling decisions which counsel believes the court has overlooked." N.Y.E.D. L. Civ. R. 6.3. "The standard for granting such a motion is strict, and

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Hastings Dev., LLC v. Evanston Ins. Co., No. 14 CV 6203, 2016 WL 3632708, at *2 (E.D.N.Y. June 29, 2016) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)); accord Salveson v. JP Morgan Chase & Co., 663 F. App'x 71, 75–76 (2d Cir. 2016), cert. denied, 137 S. Ct. 1826 (2017).

Generally, courts have found that the main grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (quoting Virgin Atl. Airways Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). Thus, the "moving party may not advance new facts, issues[,] or arguments not previously presented to the Court." Haggar Int'l Corp. v. United Co. for Food Indus. Corp., No. 03 CV 5789, 2013 WL 3356953, at *1 (E.D.N.Y. July 3, 2013) (quoting Winkler v. Metro. Life Ins. Co., 340 F. Supp. 2d 411, 413 (S.D.N.Y. 2004)); see also City of New York v. Milhelm Attea & Bros., Inc. et al, 591 F. Supp. 2d 234, 236 (E.D.N.Y. 2008) (finding that "[a] motion for reconsideration" is not "an occasion for repeating old arguments previously rejected") (quoting Associated Press v. United States Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)); Ferrand v. Credit Lyonnais, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003) (holding that Rule 6.3 is "not . . . a vehicle for a party dissatisfied with the court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion"). New evidence is evidence that was "truly newly discovered or could not have been found by due diligence." Space Hunters, Inc. v. United States, 500 F. App'x 76, 81 (2d Cir. 2012) (quoting United States v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983)); see also United States v. All Funds on Deposit in, or Transferred to or Through, Banc of

Am. Account No. 207-00426 Held in the Name of Kenneth V. Jaeggi and Patti S. Jaeggi, No. 05 CV 3971, 2007 WL 2114670, at *2 (E.D.N.Y. July 16, 2007) (explaining that "[a] party may not use a motion to reconsider as an opportunity . . . to introduce new evidence that should have been advanced on the previous motion or which could have been discovered in the exercise of due diligence") (citations omitted).

The Rule is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have already been considered fully by the court," Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2014) (quoting Trans-Pro Logistic Inc. v. Coby Elecs. Corp., No. 05 CV 1759, 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010)), and such a motion must not be used as a substitute for an appeal. See Ferrand v. Credit Lyonnais, 292 F. Supp. 2d at 520 (stating that Local Rule 6.3 should not be used "as a substitute for appealing a final judgment"). Instead, the rule "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Haggar Int'l Corp. v. United Co. for Food Indus. Corp., 2013 WL 3356953, at *2 (quoting Winkler v. Metropolitan Life Ins. Co., 340 F. Supp. 2d at 412)). Rule 6.3 was designed to provide a mechanism to "correct a clear error or prevent manifest injustice." Jordan v. Metropolitan Life Ins. Co., No. 03 CV 4110, 2004 WL 1752822, at *2 (S.D.N.Y. Aug. 4, 2004) (quoting Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied sub nom., Catholic Home Bureau v. Doe, 464 U.S. 864 (1983)).

## B. Analysis

Defendants first claim that reconsideration is appropriate because Judge Weinstein's "denial of the motion for summary judgment has required [defendants' counsel] to work on several tracks, particularly on pre-trial matters . . . and getting this case ready for trial." (Defs.'

3

Mot. at 1, Feb. 26, 2018, ECF No. 145). Defendants argue that they have rectified their initial failure to submit relevant portions of discovery requests as required by Local Civil Rule 5.1, and that plaintiff will suffer no prejudice if the Court grants the motion for reconsideration. (See id. at 1-2). Second, defendant contends that plaintiff's expert report "is silent as to any income plaintiff earned after 2014," and that the Court should either require production of the 2015-2016 tax returns or should preclude plaintiff from seeking back pay for the period after 2014. (Id. at 2).

Defendants' motion for reconsideration presents only information that was available to the defendants at the time they made their initial motion, and therefore does not qualify as "newly discovered" information for purposes of reconsideration. Space Hunters, Inc. v. United States, 500 F. App'x 76, 81 (2d Cir. 2012). Indeed, defendants essentially explain that they neglected discovery and other pretrial matters because they expected the district court would grant their motion for summary judgment. (See Defs.' Mot. at 1). That was a choice defendants and their counsel made. It is not a reason for this Court to alter its earlier decision.

More importantly, while the defendants have now attached a copy of the relevant request for production, they have omitted any reference to the date of the request. Thus, the Court is still unable to determine what constitutes the period from "2010 to the present" in the context of the request for production. (See Defs.' Mot., Ex. A ¶ 11). The Court's earlier decision was based on the extreme tardiness of defendants' motion to compel. Even if the request for production was construed to be ongoing, the fact remains that discovery in this matter closed in July 2017 and defendants' request remains untimely.

Defendants' claim that plaintiff's expert report is incomplete because it provides no information about income plaintiff may have earned after 2014. The defendants remain free to challenge the expert and limit his testimony on that basis before Judge Weinstein.

## CONCLUSION

For the reasons set forth above, defendants' motion for reconsideration of this Court's February 15, 2018 Order is denied.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 15, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York